CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

DENISE PAYNE,

                              Plaintiff,

        -vs-                                      Civ. Action No.: 18-cv-1442
                                                        (GTS)(DEP)

CORNELL UNIVERSITY,

                              Defendant.

-------------------------------------------------------------------X

      **IT IS HEREBY ORDERED that,** pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable Judge David E. Peebles, United States Magistrate Judge on April 19, 2019 at 10:45 A.M. at the United States Courthouse, Room No_____, at Binghamton, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) conference, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than seven (7) **days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the N/A day of _____, _____.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the 17th day of May, 2019.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the 5th day of November, 2019. **(Discovery time table is to be based on the complexity of the action).**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the 20th day of December, 2019. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25).**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be

1

ready to proceed to trial on or before the 6th day of April, 2020. It is anticipated that the trial will take approximately 5-6 days to complete. The parties request that the trial be held in Binghamton, N.Y.
**(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:** (X) YES ( ) NO

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?** YES

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?** This is an employment discrimination and retaliation action. Plaintiff alleges that she was a qualified individual with a disability who was unlawfully denied reasonable accommodations, subjected to a hostile work environment and disparate treatment on the basis of her disability, and unlawfully terminated and denied re-employment. Affirmative defenses include failure to exhaust administrative remedies and statute of Limitations as to some of the federal claims, and failure to state a viable claim as to some claims. Substantive defenses include Defendant having provided reasonable accommodations to plaintiff and having legitimate, nondiscriminatory reasons for its business decisions. Defendant also asserts that Plaintiff's factual allegations sweep far beyond the date her disability was disclosed to Cornell in a baseless and unnecessary effort to tarnish her employer.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?** The factual and legal issues in dispute include (i) whether Plaintiff was denied reasonable accommodations; (ii) whether Plaintiff was subject to a hostile work environment and discriminated against on the basis of her disability; (iii) whether Plaintiff was unlawfully terminated/laid off; and (iv) whether Defendant has refused to re-hire Plaintiff on the basis of her disability. Put another way, the case turns on whether the steps Defendant took to accommodate plaintiff's medical needs were sufficient as a matter of law to accommodate her disability, and whether business decisions made during a period of significant reorganization were based on legitimate, nondiscriminatory reasons.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?** Defendant maintains that the issues may be narrowed by a motion for summary judgment or partial summary judgment after the close of discovery.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?** Plaintiff seeks backpay damages for wages lost after her termination and front pay as determined by the court. Plaintiff further seeks non-pecuniary damages for emotional distress and attorneys' fees and costs, and punitive damages where available. Cornell seeks dismissal of all claims.

**12) DISCOVERY PLAN:**

    A.    **Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least seven (7) days prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    B.    **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

        1. Plaintiff's employment history;
        2. Plaintiff's medical history both during and after her employment with Defendant;
        3. Plaintiff's requests for accommodations while employed by Defendant after her June 13, 2016 notification of her diagnosis and Defendant's responses thereto;
        4. Plaintiff's complaints of discrimination and harassment while employed by Defendant and Defendant's responses thereto;
        5. Plaintiff's claim for damages and Plaintiff's mitigation efforts
        6. Plaintiff's applications for re-employment with Defendant and Defendant's responses thereto, and the extent of plaintiff's job search since her layoff;
        7. Plaintiff's personal notes/calendars/records of time off for medical and non-medical reasons;
        8. Plaintiff's attendance record as maintained by Defendant; and
        9. Communications by and among the parties related to the allegations of disability discrimination and retaliation Plaintiff made during her employment with Defendant.
        10. Evolution of business analytics services based on the needs of the College of Business and how that evolution impacted Plaintiff's employment.

    C.    **Discovery Sequence**

**Describe the parties' understanding regarding the timing of discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.** The parties anticipate that they will begin with written discovery, then depositions, with expert discovery happening simultaneously before the close of discovery. The parties do not anticipate staging discovery to address different issues in this case.

    D.    **Written Discovery**

**Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.** The parties anticipate serving interrogatories and document demands. The parties do not anticipate needing to exceed the number of interrogatories

3

permitted under Rule 33. Following the exchange of documents and/or depositions, both parties reserve the right to serve a notice to admit.

E.   **Depositions**

**Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.** Plaintiff anticipates deposing the defendant pursuant to Rule 30b6 and 4 non-party witnesses - Plaintiff's former supervisors and the HR representatives. Cornell anticipates deposing plaintiff and any additional witnesses disclosed in Rule 26(a) Disclosures deemed necessary to establish relevant and material facts. All depositions will occur in either Ithaca, NY or Binghamton, NY.

F.   **Experts**

**Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).** At this time, Plaintiff has not yet determined if an expert is to be retained but maintains that an expert psychologist and/or psychiatrist may be retained to support Plaintiff's claims for emotional damages. Cornell reserves the right to retain an expert to respond to any expert plaintiff retains, and also may retain a health care and/or vocational expert to address accommodation issues.

G.   **Electronic Discovery**

**Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.** The parties agree to produce all non-privileged ESI discovery in hardcopy. The parties do not anticipate disputes regarding ESI but will notify the Court if issues do arise that the parties are unable to work out through good faith meet and confer procedures.

4

H.   **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order. Due to the nature of the anticipated discovery, including, but not limited to, Plaintiff's medical records, the parties anticipate proposing a mutually agreeable confidentiality stipulation for the court's approval to govern discovery.

I.   **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention. N/A

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?** The parties do not agree to bifurcate the trial. The parties further agree that a statement of stipulated facts and/or stipulated exhibits may be beneficial and will reduce the length of the trial.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?** No.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?** N/A

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT?** Please circle below the prospect for settlement:

1    2    **(3)**    4    5    6    7    8    9    10
(VERY UNLIKELY)○○○○○○○○○○○○○○○ (LIKELY)

CANNOT BE EVALUATED PRIOR TO July 31, 2019 (date)

HOW CAN SETTLEMENT EFFORTS BE ASSISTED? At this time, both sides need to complete written discovery in order to engage in any fruitful settlement negotiations. The parties agree that following written discovery, a court mediation or settlement conference may be helpful in reaching a settlement.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference).*

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - Subject to Mandatory Mediation under General Order #47.*

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

    A. Reviewed General Order #47 ? (X) YES      ( ) NO

    B. Reviewed the List of Court Approved Mediators available on the NDNY website? (X) YES      ( )NO

    C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program. (X) YES      ( ) NO

    D. Discussed the time frame needed to complete Mandatory Mediation? (X) YES      ( )NO

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Pursuant to Fed. R. Civ. P. 26(f) a conference was held on <u>March 18, 2019</u> via <u>conference call</u> with the participation of <u>Gabrielle M. Vinci</u> for plaintiff(s) and <u>Valerie Cross Dorn</u> for defendant(s).

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the Clerk no later than seven (7) days in advance of the conference date.***