# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| DENISE PAYNE, | **FILED ELECTRONICALLY** |
| Plaintiff, | **ANSWER** |
| v. | |
| CORNELL UNIVERSITY, | Civil Action No. 18-cv-1442 (GTS/DEP) |
| Defendant. | |

_____

Defendant Cornell University ("Cornell"), by its attorneys, Valerie Cross Dorn and Conrad R. Wolan, answers Plaintiff Denise Payne's Complaint ("Complaint") as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and upon that basis denies each and every allegation set forth in this paragraph.

2. With respect to the allegations contained in paragraph 2 of the Complaint, admits that this Court has original jurisdiction over civil actions presenting federal questions but denies knowledge or information about the nature of any claims Plaintiff believes she has and refers all questions of law to the Court.

3. With respect to the allegations contained in paragraph 3 of the Complaint, admits that this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367 that relate to federal claims alleged in the Complaint, but denies knowledge or information about the nature of any claims Plaintiff believes she has and refers all questions of law to the Court.

4. With respect to the allegations contained in paragraph 4 of the Complaint, admits that venue is proper in this case pursuant to 28 U.S.C. § 1391 because Plaintiff's employment at Cornell University took place in Ithaca, New York within the Northern District of New York.

5. Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint that all conditions precedent to suit have been fulfilled, but admits that (1) on or about March 19, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination against Cornell over the period February 1, 2017, through March 13, 2018, and asserting that the discrimination is a continuing action, and (2) the charge was cross-filed with the New York State Division of Human Rights.

6. With respect to the allegations contained in paragraph 6 of the Complaint, admits that on or about August 13, 2018, the EEOC issued Plaintiff a Dismissal and Notice of Rights stating, in part, the following determination: "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes."

7. Admits the allegations contained in paragraphs 7, 31, 32, and 47 of the Complaint.

8. Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 8, 17, 18, 26, 30, 38, 40, 41, 48, and 50 of the Complaint and upon that basis denies each and every allegation set forth in those paragraphs.

9. With respect to the allegations contained in paragraph 9 of the Complaint, denies information or knowledge sufficient to form a belief as to the truth of the allegations and refers all questions of law to the Court, but admits that Plaintiff worked for Cornell in various positions from November 14, 2013 to January 2, 2018.

10. With respect to the allegations contained in paragraph 10 of the Complaint, admits that the defendant Cornell was and still is an education corporation, duly organized and existing under and by virtue of the laws of the State of New York, composed of fourteen colleges and schools along with various central administrative services, with its principal place of

business in Ithaca, New York, membership in the Ivy League, and designation under the Morrill Act of 1862, 7 U.S.C. §§ 301 *et seq.*, as the federal land-grant institution for the State of New York. Except as expressly admitted herein, denies the remaining allegations set forth in paragraph 10 of the Complaint.

11. With respect to the allegations contained in paragraph 11 of the Complaint, denies information or knowledge sufficient to form a belief as to the truth of the allegations and refers all questions of law to the Court, but admits that Plaintiff worked for Cornell in various positions from November 14, 2013 to January 2, 2018.

12. With respect to the allegations contained in paragraph 12 of the Complaint, admits that in or around November of 2013, Ms. Payne began to work for Cornell in the position of Administrative Assistant V in the Office of Research, Integrity, and Assurance, under the supervision of Amita Verma, and denies the remaining allegations in this paragraph.

13. Denies the allegations contained in paragraphs 13, 14, 20, 21, 22, 24, 25, 27, 28, 33, 34, 43, and 44 of the Complaint.

14. With respect to the allegations contained in paragraph 15 of the Complaint, admits that among Plaintiff's job responsibilities was training student employees and new employees in the Office of Research, Integrity, and Assurance, and denies the remaining allegations in this paragraph.

15. Denies the allegations contained in paragraph 16 of the Complaint, but admits that Cornell selected Miles Gideon as the most qualified applicant for the position of Senior IRB Administrator.

16. Denies the allegations contained in paragraph 19 of the Complaint, but admits that Plaintiff complained about the employment decision involving Miles Gideon.

17. With respect to the allegations contained in paragraph 23 of the Complaint, admits that in or around August of 2015, Plaintiff accepted a newly-created part-time position as a Research Aide III in the Business Simulation Lab ("BSL") in the Johnson Graduate School of Management, including the salary offered for the position, effective August 31, 2015, and denies the remaining allegations in this paragraph.

18. With respect to the allegations contained in paragraph 29 of the Complaint, denies information or knowledge sufficient to form a belief as to the truth of the allegations and refers all questions of law to the Court.

19. With respect to the allegations contained in paragraph 35 of the Complaint, admits that HR Rep. Doxey had already scheduled Plaintiff to meet in person to discuss BSL's concerns about her performance and the restructuring of the BSL, and when notified of Plaintiff's diagnosis on June 13, 2016, Ms. Doxey added to the agenda a discussion of the mechanics for taking medical leave as well as Cornell's short-term and long-term disability benefits programs, and denies the remaining allegations in this paragraph.

20. Denies the allegations contained in paragraph 36 of the Complaint, but admits that while Cornell was merging the Johnson Graduate School of Management with the Dyson School of Applied Economics and Management and the School of Hotel Administration to create the Cornell SC Johnson College of Business ("College of Business"), effective July 1, 2016, and Plaintiff was undergoing treatment for her cancer diagnosis, HR Rep. Doxey contacted Plaintiff by email on July 20, 2016 to inform her that the restructuring of business analytics as part of the merger of the three schools was in progress, that Lucinda Allen ("Allen") was selected to oversee the new unit, that Cornell's intent was to move Plaintiff from her existing position in BSL to the new unit, and to make an introduction of Plaintiff to Allen to connect them for further discussion.

21. Denies the allegations contained in paragraph 37 of the Complaint, but admits that a new part-time position of Data Analyst II was being created to staff the newly created unit of Decision Support Services in the newly created College of Business, Plaintiff was officially offered the position by letter dated September 23, 2016, and Plaintiff accepted the position by email on September 26, 2016, confirming her agreement to all the terms and conditions of the written offer.

22. Denies the allegations contained in paragraph 39 of the Complaint to the extent they are inconsistent with the written offer dated September 23, 2016.

23. With respect to the allegations contained in paragraph 42 of the Complaint, denies information or knowledge sufficient to form a belief as to the truth of the allegations, but admits that a written offer dated September 23, 2016 for the Data Analyst II position was sent by email to Plaintiff on September 26, 2016 and accepted by Plaintiff that same day in a responding email.

24. With respect to the allegations contained in paragraph 45 of the Complaint, admits that Plaintiff accepted the new position and continued to perform job duties until October 13, 2016, when she began a medical leave to attend chemotherapy treatments, but denies the remaining allegations in this paragraph.

25. With respect to the allegations contained in paragraph 46 of the Complaint, admits that Plaintiff was on medical leave from October 13, 2016 through January 12, 2017, with full pay pursuant to a combination of Cornell's short-term disability benefits and catastrophic leave time donated to her anonymously pursuant to University Policy 6.9, by employees in the College of Business who were willing to make a donation of their own accrued, unused health and personal leave time in response to a message from Human Resources about a fellow employee in need.

26.     Denies the allegations contained in paragraph 49 of the Complaint, but admits that Cornell and Plaintiff signed a flexible work arrangement agreement (the "First Flex Agreement") effective February 6, 2017, to provide flexibility for Plaintiff to attend and recover from chemotherapy and cancer-related medical appointments while continuing to work part-time.

27.     Denies the allegations contained in paragraph 51 of the Complaint, but admits that the First Flex Agreement was to be reviewed on or about May 1, 2017 to determine its efficacy.

28.     Denies the allegations contained in paragraphs 52, 53, 54, 55, 56, 58, 59, 61, and 64 of the Complaint.

29.     Denies the allegations contained in paragraph 57 of the Complaint, but admits that Plaintiff contacted Medical Leaves Representative Jillian Tubbs ("ML Rep. Tubbs") on February 20, 2017 about difficulties Plaintiff was having at work.

30.     With respect to the allegations contained in paragraphs 60, 62, and 63 of the Complaint, denies information or knowledge sufficient to form a belief as to the truth of the allegations about Plaintiff's perceptions and feelings, and upon that basis denies those allegations, but admits that upon notification from the College of Business to Human Resources that Plaintiff's position had been increased to a full-time role effective April 5, 2017, appropriate steps were taken on June 6, 2017 to adjust Plaintiff's employment records in Workday to reflect full-time pay and accrued health and personal time, retroactive to April 5, 2017.

31.     With respect to the allegations contained in paragraphs 65, 66, 67, 69, 71, 72, 73, 74, 76, and 86 of the Complaint, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and upon that basis denies those allegations.

32.     Denies the allegations contained in paragraphs 68, 70, and 75 of the Complaint.

33.     Denies the allegations contained in paragraph 77 of the Complaint, but admits that Plaintiff and Cornell entered a second flexible work arrangement agreement (the "Second Flex

6

Agreement"), effective May 1, 2017 through October 30, 2017, to provide Plaintiff with flexibility to work from home as needed to attend to her medical appointments, treatments, symptoms, and recovery periods.

34. Denies the allegations contained in paragraphs 78, 79, 80, 82, 83, 84, 85, 87, 88, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, and 101 of the Complaint.

35. Denies the allegations contained in paragraphs 81 and 89 of the Complaint, but admits that Plaintiff and her supervisor met on June 15, 2017 to discuss Plaintiff's job performance and use of non-medical time off, and that Plaintiff thereafter complained to Julie Weaver, the Human Resources representative for the College of Business ("HR Rep. Weaver"), about Plaintiff's perceptions of her supervisor and issues with Plaintiff's use of time off for medical and non-medical matters.

36. Denies the allegations contained in paragraph 102 of the Complaint, but admits that Plaintiff contacted ML Rep. Tubbs regarding her intent to file a formal request for a disability accommodation and that ML Rep. Tubbs sent Plaintiff the documentation, which she completed and returned on July 6, 2017 requesting an accommodation for her disability.

37. With respect to the allegations contained in paragraphs 103 and 104 of the Complaint, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and upon that basis denies those allegations.

38. Denies the allegations contained in paragraphs 105, 106, 107, 108, 109, 110, 113, 115, 116, 117, and 118 of the Complaint.

39. Denies the allegations contained in paragraphs 111 and 112 of the Complaint, but admits that, on July 13, 2017, Plaintiff requested updates to the Second Flex Agreement based on issues she perceived in the workplace in connection with the existing Second Flex Agreement, which Human Resources acknowledged receipt of and stated their intention to follow up.

40. Denies the allegations contained in paragraph 114 of the Complaint, but admits that Plaintiff was notified on July 18, 2017 that her physician had submitted the documentation necessary to pursue her request for an accommodation of her disability, and Plaintiff was notified by letter dated August 2, 2017 that Cornell had approved the accommodation pursuant to terms set forth in the letter.

41. Denies the allegations contained in paragraph 119 of the Complaint, but admits that a meeting took place on August 14, 2017 regarding implementation of Plaintiff's accommodation in the workplace, including HR Rep. Weaver, Plaintiff, and the other two business analytics employees, followed up by an email from HR Rep. Weaver on August 16, 2017 summarizing the terms for implementation, which were modified following multiple email exchanges with another flexible work arrangement agreement signed August 28, 2017 (the "Third Flex Agreement"), and scheduled for review on or about October 30, 2017 to evaluate its efficacy.

42. Denies the allegations contained in paragraphs 120, 121, 122, 123, 124, and 125 of the Complaint.

43. With respect to the allegations contained in paragraphs 126 and 129 of the Complaint, denies information or knowledge sufficient to form a belief as to the truth of the allegations, and upon that basis denies those allegations.

44. Denies the allegations contained in paragraph 127 of the Complaint, but admits that Plaintiff sent an email to ML Rep. Tubbs and HR Reps. Weaver and Doxey on September 12, 2017, announcing that she had filed a complaint with the EEOC after the meeting on August 14, 2017 and requesting Human Resources and Medical Leaves to work with the EEOC mediator on the issues so that she could focus on her job and her health.

45. Denies the allegations contained in paragraphs 128, 130, 131, 132, 133, 134, 136, 137, 138, 140, 141, 142, and 143 of the Complaint.

46. With respect to the allegations contained in paragraph 135 of the Complaint, admits that Laura Syer, Associate Dean in the College of Business, convened a meeting on September 21, 2017 to roll out a proposed restructuring of the business analytics unit to better utilize existing staff and skills, but subsequent to that meeting the resignation of a key staff member led to further examination and, ultimately, to the decision that elimination of the unit was in the best interests of the College of Business.

47. With respect to the allegations contained in paragraph 139 of the Complaint, denies information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff's perceptions, and upon that basis denies those allegations, but admits that the College of Business submitted its plan to eliminate the business analytics unit and lay off two employees to Cornell for approval pursuant to University Policy 6.12 and, following approval, provided notifications to the affected employees, including Plaintiff, that they would be laid off effective January 2, 2018.

48. Denies the allegations contained in paragraph 144, but admits that Plaintiff is not currently employed by Cornell.

49. Denies the allegations contained in paragraph 145, but admits that Plaintiff is not currently employed by Cornell.

**AS TO THE FIRST CAUSE OF ACTION**
*(Disability Discrimination – Disparate Treatment in violation of the New York State Human Rights Law)*

50. In response to paragraph 146 of the Complaint, repeats and re-alleges the admissions, denials, and denials for lack of information and knowledge set forth above in

response to paragraphs 1-145 of the Complaint inclusive of this Answer as if the same were set forth in full herein.

51. In response to the allegations contained in paragraph 147 of the Complaint, denies information or knowledge sufficient to form a belief as to the truth of Plaintiff's current status, but admits that for a defined period of time while working for Cornell, Plaintiff provided documentation of her cancer diagnosis and need for treatment, and refers all questions of law to the Court.

52. Denies the allegations contained in paragraph 148 of the Complaint, but admits that Plaintiff was hired for certain positions at Cornell, and her performance of job duties is documented in her personnel file and performance reviews.

53. Denies the allegations contained in paragraphs 149, 150, 151, 152, and 153 of the Complaint.

### AS TO THE SECOND CAUSE OF ACTION
*(Disability Discrimination –Hostile Work Environment in violation of the New York State Human Rights Law)*

54. In response to paragraph 154 of the Complaint, repeats and re-alleges the admissions, denials, and denials for lack of information and knowledge set forth above in response to paragraphs 1-153 of the Complaint inclusive of this Answer as if the same were set forth in full herein.

55. In response to the allegations contained in paragraph 155 of the Complaint, denies information or knowledge sufficient to form a belief as to the truth of Plaintiff's current status, but admits that for a defined period of time while working for Cornell, Plaintiff provided documentation of her cancer diagnosis and need for treatment, and refers all questions of law to the Court.

56. Denies the allegations contained in paragraph 156, but admits that Plaintiff was hired for certain positions at Cornell, and her performance of job duties is documented in her personnel file and performance reviews.

57. Denies the allegations contained in paragraphs 157, 158, 159, 160, 161, and 162 of the Complaint.

### AS TO THE THIRD CAUSE OF ACTION
*(Failure to Accommodate in violation of the New York State Human Rights Law)*

58. In response to paragraph 163 of the Complaint, repeats and re-alleges the admissions, denials, and denials for lack of information and knowledge set forth above in response to paragraphs 1-162 of the Complaint inclusive of this Answer as if the same were set forth in full herein.

59. Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of the Complaint, but admits that during a defined period of time while working for Cornell, Plaintiff provided documentation of her cancer diagnosis, and refers all questions of law to the Court.

60. Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 165 of the Complaint, but admits that during a defined period of time while employed by Cornell, Plaintiff provided documentation to Cornell of her cancer diagnosis.

61. Denies the allegations contained in paragraph 166 of the Complaint, but admits that Plaintiff requested and Cornell agreed to a series of written flexible work arrangement agreements designed to accommodate Plaintiff's medical needs and facilitate her performance of the essential functions of her job.

62. Denies the allegations contained in paragraphs 167 and 168 of the Complaint.

11

## AS TO THE FOURTH CAUSE OF ACTION
*(Retaliation in violation of the New York State Human Rights Law)*

63. In response to paragraph 169 of the Complaint, repeats and re-alleges the admissions, denials, and denials for lack of information and knowledge set forth above in response to paragraphs 1-168 of the Complaint inclusive of this Answer as if the same were set forth in full herein.

64. Denies the allegations contained in paragraph 170 of the Complaint.

65. Denies the allegations contained in paragraphs 171 of the Complaint, but admits that Plaintiff complained to Defendant multiple times regarding perceived discrimination.

66. Denies the allegations contained in paragraphs 172, 173, 174, 175, and 176 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION
*(Disability Discrimination – Disparate Treatment in violation of the Americans with Disabilities Act)*

67. In response to paragraph 177 of the Complaint, repeats and re-alleges the admissions, denials, and denials for lack of information and knowledge set forth above in response to paragraphs 1-176 of the Complaint inclusive of this Answer as if the same were set forth in full herein.

68. In response to the allegations contained in paragraph 178 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of about Plaintiff's current status, but admits that for a defined period of time while working for Cornell, Plaintiff provided documentation of her cancer diagnosis and need for treatment, and refers all questions of law to the Court.

69. Denies the allegations contained in paragraph 179 of the Complaint, but admits that Plaintiff was hired for certain positions at Cornell, and her performance of job duties is documented in her personnel file and performance reviews.

70. Denies the allegations contained in paragraphs 180, 181, 182, 183, and 184 of the Complaint.

## AS TO THE SIXTH CAUSE OF ACTION
*(Disability Discrimination – Hostile Work Environment in violation of the Americans with Disabilities Act)*

71. In response to paragraph 185 of the Complaint, repeats and re-alleges the admissions, denials, and denials for lack of information and knowledge set forth above in response to paragraphs 1-184 of the Complaint inclusive of this Answer as if the same were set forth in full herein.

72. In response to the allegations contained in paragraph 186 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's current status, but admits that for a defined period of time while working for Cornell, Plaintiff provided documentation of her cancer diagnosis and need for treatment, and refers all questions of law to the Court.

73. Denies the allegations contained in paragraph 187 of the Complaint, but admits that Plaintiff was hired for certain positions at Cornell, and her performance of job duties is documented in her personnel file and performance reviews.

74. Denies the allegations contained in paragraphs 188, 189, 190, 191, 192, and 193 of the Complaint.

## AS TO THE SEVENTH CAUSE OF ACTION
*(Failure to Accommodate in violation of the Americans with Disabilities Act)*

75. In response to paragraph 194 of the Complaint, repeats and re-alleges the admissions, denials, and denials for lack of information and knowledge set forth above in

13

response to paragraphs 1-193 of the Complaint inclusive of this Answer as if the same were set forth in full herein.

76. Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 195 of the Complaint, but admits that during a defined period of time while working for Cornell, Plaintiff provided documentation of her cancer diagnosis, and refers all questions of law to the Court.

77. Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 196 of the Complaint, but admits that during a defined period of time while working for Cornell, Plaintiff provided documentation to Cornell of her cancer diagnosis.

78. Denies the allegations contained in paragraph 197 of the Complaint, but admits that Plaintiff requested and Cornell agreed to a series of written flexible work arrangement agreements designed to accommodate Plaintiff's medical needs and facilitate her performance of the essential functions of her job.

79. Denies the allegations contained in paragraphs 198 and 199 of the Complaint.

**AS TO THE EIGHTH CAUSE OF ACTION**
*(Retaliation in violation of the Americans with Disabilities Act)*

80. In response to paragraph 200 of the Complaint, repeats and re-alleges the admissions, denials, and denials for lack of information and knowledge set forth above in response to paragraphs 1-199 of the Complaint inclusive of this Answer as if the same were set forth in full herein.

81. Denies the allegations contained in paragraph 201 of the Complaint.

82. Denies the allegations contained in paragraphs 202 of the Complaint, but admits that Plaintiff complained to Cornell multiple times regarding perceived discrimination.

83. Denies the allegations contained in paragraphs 203, 204, 205, 206, and 207 of the Complaint.

84. Denies each and every allegation in the Complaint not expressly admitted or otherwise controverted herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

85. The Complaint fails to state a claim upon which relief may be granted in one or more of the causes of action asserted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

86. Portions of Plaintiff's claims with respect to alleged discrimination are time barred under federal law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

87. Portions of Plaintiff's claims with respect to alleged discrimination are barred for failure to exhaust administrative remedies.

WHEREFORE, Cornell demands judgment dismissing Plaintiff's complaint in its entirety, and for such other and further relief as may be just and proper, together with the costs and disbursements of this action.

DATED: March 4, 2019

                                               S/VALERIE CROSS DORN
                                               VALERIE CROSS DORN (505158)
                                               CONRAD R. WOLAN (512286)
                                               Attorneys for Cornell University
                                               Office and Post Office Address
                                               Cornell University
                                               235 Garden Avenue
                                               300 CCC Building
                                               Ithaca, NY  14853-2806
                                               (607) 255-2796