**EXHIBIT C**

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Wendy E. Tarlow, Counsel<br>CORNELL UNIVERISTY<br>Office of University Counsel<br>235 Garden Ave., 300 CC Building<br>Ithaca, NY 14853 | **PERSON FILING CHARGE**<br><br>**Denise Payne**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>**EEOC CHARGE NO.**<br>**525-2018-00598** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act (Title VII)   [ ] The Equal Pay Act (EPA)   [X] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **11-APR-18** to **Ms PJ Parkhurst, ADR Assistant, at (716) 551-3290**
If you **DO NOT** wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Jeremy M. Boyd,<br>Investigator<br>*EEOC Representative*<br>Telephone  (716) 551-3355 | **Buffalo Local Office**<br>**6 Fountain Plaza**<br>**Suite 350**<br>**Buffalo, NY 14202**<br>**Fax: (716) 551-4387** |
|---|---|

Enclosure(s):   [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[ ] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [ ] Age  [X] Disability  [X] Retaliation  [ ] Genetic Information  [ ] Other

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| March 28, 2018 | John E. Thompson,<br>Local Office Director | *John E. Thompson* |

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4442
TTY (716) 551-5923
Direct ADR : (716) 551-3290

## MEDIATION INVITATION RESPONSE FORM
Complete and fax/mail this form on or before the mediation response due date

### Please return NO LATER THAN: APRIL 11, 2018

Your charge has been selected for EEOC's Mediation Program. The Commission is making available to you, this effective, neutral and confidential process to Charging Parties and Respondents as an efficient alternative to investigation and possible litigation of employment disputes.

**While the charge is assigned to the mediation unit, a due date for a Position Statement from Respondent is suspended.** If either side prefers investigation to mediation, please let us know immediately so that we may return your charge back to Enforcement. Participation in the mediation program is completely voluntary, confidential, and at no cost to either party. If however, the parties come to a resolution, the settlement will be upheld by law and will be binding. You may have a representative of your choice with you during mediation sessions, but note that you are not required to have representation.

Once both parties agree to mediation, we will attempt to schedule an agreeable date. Please be advised that this process takes approximately 6-8 weeks.

If you have any questions, please contact **Ms PJ Parkhurst**, at **(716) 551-3290**. If you call and get my voice mail, I ask that you leave a message with name, phone number, including area code and charge number. I will get back to you as soon as I'm able. I look forward to hearing from you and encourage you to respond as soon as possible to ensure faster processing time. Please consider the benefits of mediation on the reverse side

Please return this form to:            **PJ Parkhurst, ADR Unit**
                                       **US Equal Employment Opportunity Commission**
OR:  Phone:  (716) 551-3290            **Buffalo Local Office**
OR   Fax:    (716) 551-4387            **Six Fountain Plaza, Suite 350**
                                       **Buffalo, New York  14202**

## ** FILL IN THE FOLLOWING COMPLETELY **

SELECT:         [  ]  I/We agree to mediate
                [  ]  I/We decline offer to mediate

I AM THE (SELECT ONE):   [  ]  Charging Party / Representative  (CP)
                         [  ]  Respondent / Representative  (Resp)

**EEOC Charge No:**    525-2018-00598

**Charge Name:**    Denise Payne  v  CORNELL UNIVERSITY

Name (or Attorney if represented):_____TITLE: _____

Mailing Address: _____

City, State, Zip: _____

Telephone: (  )_____Email: _____

The EEOC is pleased to invite you to mediate the enclosed charge of discrimination. On the reverse side of this sheet is an **Invitation to Mediate**. Mediation is voluntary; it will not be scheduled unless BOTH parties agree. Mediation is a confidential, off the record attempt to resolve the charge, prior to any investigation or possible litigation. For questions or more information contact **Ms. PJ Parkhurst at (716) 551-3290**.

## Facts About Mediation

Mediation is a form of Alternative Dispute Resolution (ADR) that is offered by the U.S. Equal Employment Opportunity Commission (EEOC) as an alternative to the traditional investigative or litigation process. Mediation is an informal process in which a neutral third party assists the opposing parties to reach a voluntary negotiated resolution of a charge of discrimination. The decision to mediate is completely voluntary for the charging party and the employer. Mediation gives the parties the opportunity to discuss the issues raised in the charge, clear up any misunderstandings, determine the underlying interests or concerns, find areas of agreement and charge or impose a decision on the parties. Instead, the mediator helps the parties agree on a mutually acceptable resolution. The mediation process is strictly confidential. Information disclosed during mediation will not be revealed to anyone, including other EEOC employees.

## How Mediation Works

An EEOC representative will contact the employee and employer concerning their participation in the program. If both parties agree, a mediation session conducted by a trained and experienced mediation is scheduled. While it is not necessary to have an attorney in order to participate in EEOC's Mediation Program, either party may choose to do so. It is important that persons attending the mediation session have the authority to resolve the dispute(s). If mediation is unsuccessful, the charge is returned to the original investigator and investigated like any other charge.

## Advantages of Mediation

- Mediation is an efficient process that saves time and money. Successful mediation avoids a time-consuming investigation and achieves a prompt resolution of the charge. The majority of mediations are completed in one session, which can last from one to five hours.

- Improves Communication

- Mediation is fair. Mediators are neutral third parties who have no interest in the outcome. Their role is to help the parties resolve the charge.

- Mediation is a confidential process. The sessions are not tape-recorded or transcribed. Any and all notes taken during the mediation are collected and destroyed promptly.

- Settlement agreements secured during the mediation do not constitute an admission by the employer of any violation of laws enforced by the EEOC.

- Mediation avoids lengthy and unnecessary litigation.

- Discover the real issues in your workplace

- Everyone wins.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2018-00598 |

New York State Division Of Human Rights                                    and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Ms. Denise Payne | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| CORNELL UNIVERSITY | 501+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| Office of University Counsel, 300 C.C. Building, Garden Avenue, Ithaca, NY 14853 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-01-2017    Latest: 03-13-2018

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a Qualified Individual with a Disability. In or about November 2013, I began employment with the Respondent as an IRB Administrator. My last position there was Data Analyst II. On February 20th, 2017 I requested to be allowed to use a modified work schedule and flex-place as a reasonable accommodation for my disability and was allowed, however, the supervisor stated that I was not communicating to her or failing to show up because I did not specifically put it on her calendar, the supervisor failed to accept the calendar invitations therefore it did not show up on her calendar. In addition, supervisor failed to alter her supervisory methods to read emails or view my calendar as a means of communicating my requests for leaves and treatment schedule. On June 15th, 2017 I requested to be allowed to leave work and have a modified work schedule and flex place as a reasonable accommodation for my disability, my supervisor demands to know what is wrong with me and why I want to leave. I explain that I don't feel well but would like to work some reduced hours from home, I am denied this request because I did not get 'pre-approval'. On June 16th, 2017 I receive an email from my supervisor telling me to make up time that I did not work on the previous day. On July 5th, 2017 I requested to be allowed to use a modified work schedule and flex-place as a reasonable accommodation for my disability and I am denied because I did not get 'pre-approval' and my supervisor states that she is not comfortable with me working from home. I ask for clarification on why she is not comfortable and I also tell my management that I will be filing for formal accommodation. My manager responds, copying HR, and states that she doesn't know what other

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Denise Payne on 03-19-2018 10:32 AM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>525-2018-00598 |
|---|---|---|

New York State Division Of Human Rights                                              and EEOC
*State or local Agency, if any*

accommodation they can offer other than clarifying the expectations. On July 18th, 2017 my request for formal accommodation is approved and the details are forwarded to myself and my HR unit representative, a meeting is scheduled with management and HR to go over the formal accommodation. On 8/14/2017 there is a meeting to discuss the formal accommodation, I am seeking to shift my schedule on one half to one hour a day in order to attend medical appointments three days a week. HR summarizes the formal accommodation and my management asks for clarification on why I may need to flex my time. My manager states that the shift in my schedule will not work for her because we are running a business, she asks HR if they really have to accept the accommodation and HR agrees to go back to the medical leaves board to ask. My work does not involve any interaction with Faculty, students, or staff other than by email. (8/14 meeting)....HR summarizes the formal accommodation and my management asks for clarification on why I may need to flex my time. After describing why I may need to start work early, I witness my one-over manager make eye contact with the HR director and roll her eyes...... On the following dates I emailed HR and/or management with my accommodation concerns or directly telling them I have filed with the EEOC and they either did not respond at all or did not sufficiently address concerns by email or in person: 7/5/17, 7/10/17, 9/12/17, 10/13/17, 11/6/17. My manager reporting lines changed three times during the time that I was experiencing issues. My second and third managers verbally and with their actions supported the individual who was denying my accommodation. My second manager stated that I was making a lot of mistakes due to my disability accommodation but failed to provide specific examples. My last manager (at time of layoff) effectively put me back under the individual who was hostile, offensive and intimidating for my day to day supervision even though that individual did not have experience with the work and the manager failed to respond to my concerns and requests for role clarification which I believe was meant to isolate and punish me in retaliation. I believe that I have been subjected to this hostile, offensive, and intimidating work environment, denied a reasonable accommodation, and paid disparate wages because of my disability; and laid off and not hired in retaliation for making a complaint of employment discrimination, in willful violation of Title I of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Denise Payne on 03-19-2018 10:32 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated *in any manner in* an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.