# EXHIBIT 21

```
Subject: RE: Stopped up to see you
From:    Denise Payne <dlp35@cornell.edu>
To:      Julie K. Weaver <jkw82@cornell.edu>
Time:    Mon Jul 10 15:33:10 UTC 2017
```

Hi Julie,

I don't have any additional concerns/questions, just the ones that we discussed previously so I don't think we need to meet. It was recommended, in my meeting with FSAP back on June 15th, that I document everything.

I'll touch base later this week, I will meet with my Doctor on Wednesday of this week so I can move along the paperwork if she hasn't submitted by then.

Thank you!
Denise

---

**From:** Julie K. Weaver
**Sent:** Monday, July 10, 2017 4:24 PM
**To:** Denise Payne <dlp35@cornell.edu>
**Subject:** RE: Stopped up to see you

Hi, Denise.
Thanks for copying me on this message.  Given your emails today it's clear you still have some concerns/questions; I apologize if I wasn't able to address them adequately when we met on Friday.  Would it be helpful for us to talk again—perhaps tomorrow?  Please know that Kathy and I are working in collaboration with Medical Leaves to implement the requested accommodations once they've reviewed and approved them.  I feel badly you've expended time and energy assembling documentation these past few days.  I'm happy to talk again so that we can increase your comfort level with our support.

Regards,
Julie

---

**From:** Denise Payne
**Sent:** Monday, July 10, 2017 2:53 PM
**To:** Tammy Lindsay <tsl33@cornell.edu>
**Cc:** Lucinda M. Allen <lma36@cornell.edu>; Julie K. Weaver <jkw82@cornell.edu>
**Subject:** RE: Stopped up to see you

Tammy,

Just to be clear with respect to the comments below: it was my understanding that my flexible work arrangements covered my cancer treatment including time off for medical treatment/doctor appointments and not feeling well. At no point did you communicate that it was only for appointments. According to the EEOC and ADA requesting accommodation includes recuperation time, modified work schedule and permission to work from home for side effects -which means not feeling well. See below and here https://www.eeoc.gov/laws/types/cancer.cfm

I am disappointed that you think the only additional accommodation you can make is to "clarify the expectations", mentioned in the email you sent to HR.

I am continuing to work with HR and Medical leaves on this issue which includes time-consuming documentation of emails/meetings etc.

Best,
Denise

## ACCOMMODATING EMPLOYEES WITH CANCER

The ADA requires employers to provide adjustments or modifications -- called reasonable accommodations -- to enable applicants and employees with disabilities to enjoy equal employment opportunities unless doing so would be an undue hardship (that is, a significant difficulty or expense). Accommodations vary depending on the needs of the individual with a disability. Not all employees with cancer will need an accommodation or require the same accommodations, and most of the accommodations a person with cancer might need will involve little or no cost. An employer must provide a reasonable accommodation that is needed because of the limitations caused by the cancer itself, the side effects of medication or treatment for the cancer, or both. For example, an employer may have to accommodate an employee who is unable to work while she is undergoing chemotherapy or who has depression as a result of cancer, the treatment for it, or both. An employer, however, has no obligation to monitor an employee's medical treatment or ensure that he is receiving appropriate treatment.

**10. What other types of reasonable accommodations may employees with cancer need?**

Some employees may need one or more of the following accommodations:

- leave for doctors' appointments and/or to seek or recuperate from treatment[15]

- periodic breaks or a private area to rest or to take medication

- modified work schedule or shift change

**Example 8**: An engineer working independently on a long-term project has to undergo radiation for cancer every weekday morning for the next eight weeks. If the employee requests to change his starting time or number of hours he works as a reasonable accommodation, the employer should consider whether it can provide a flexible schedule (for example, allow him to come in later or work part-time) to accommodate his treatment.

**Example 9**: The oncologist who recently successfully treated a nurse for breast cancer recommended that she continue seeing her doctor every three months for next two years to check for a possible recurrence. The nurse requested to continue working a fixed 6:00 a.m. to 2:00 p.m. schedule instead of being required to work a later shift so that she could schedule her appointments during her doctor's office hours. Because allowing the nurse to keep her desired shift to go to monitoring appointments was not an undue hardship, her employer granted her request for an adjustment to the usual requirement that nurses work a rotating schedule.

- permission to work at home[16]

- modification of office temperature

- permission to use work telephone to call doctors where the employer's usual practice is to prohibit personal calls

- reallocation or redistribution of marginal tasks to another employee

---

**From:** Tammy Lindsay
**Sent:** Wednesday, July 5, 2017 10:57 AM
**To:** Denise Payne <dlp35@cornell.edu>
**Cc:** Lucinda M. Allen <lma36@cornell.edu>
**Subject:** RE: Stopped up to see you

Denise -  attached is the email I sent you with the example that you needed to complete this.  During our meeting on Wednesday,  June 21, you wanted a week to concentrate specifically on the Rankings and Surveys.  When you get in the office next, could you please send Cindy a summary of what you did that week for the Surveys & Rankings and what the status is of completion or what you still need to do to get a handle on surveys and rankings.  I would also like you to make priority any outstanding tasks that are due for Cindy.   I have copied Cindy on this because I think she may want to meet with you to get an understanding of where you are at.

I also want to address you leaving work early.  I see you have been leaving early.  The expectation is that you are at work until at least 4:30 PM or when your 8 hours are in, whatever is later.   Last week you asked me to work extra hours by either coming in early or staying late.  This approval to do so does not extend to leaving work early if you have your 8 hours in.  I ask that any time you want to leave early, you need to let me know and seek approval.  You are a nonexempt staff member and are expected to follow the rules and hours of operation in our department.  Those hours are the standard 8 to 4:30 and 8 to 3:30 on Friday.  At the current time, I gave you one hour to get to work with the understanding you stay later to get your 8 hours in.  I think this is causing some confusion, so I think we need to take a second look at that and clarify my expectations on the times you need to be here.  I would like you to think about what time you would prefer as your work hours and we stick to them.  Either 8:00 to 4:30 or 8:30 to 5:00 PM.  Let me know what your preference is.  We also need to clarify when you can and cannot work remotely from home and what those expectations are as well.  The latest agreement was only  for working from home on days you had

appointments in Syracuse with prior approval, not for when you are not feeling well.  Per my initial email to you these were the guidelines:

1. Working from home – if working from home you will need to add your time when you start and again when you finish.  Any time working from home needs prior approval with a clear understanding of the work that will be done at home.  All working from home needs to be added to my calendar with a breakdown of what will be worked on during that time period.  I will then add this into Kronos for the hours you worked.

I asked you when we met on June 21 to redo your agreement as we needed to be more clear on when you could and could not work from home.  Please work on filling out a new remote agreement for our discussion next time we meet.

Please let me know your preference in times so we can set those immediately and I will set up a meeting for us to discuss.     Thanks.


Tammy Lindsay
Associate Director
Business Analytics
Cornell SC Johnson College of Business
237 Statler Hall, Ithaca, NY  14850
Phone: 607.254.8954
Email: tsl33@cornell.edu

**From:** Denise Payne
**Sent:** Friday, June 30, 2017 6:57 PM
**To:** Tammy Lindsay <tsl33@cornell.edu>
**Cc:** Lucinda M. Allen <lma36@cornell.edu>
**Subject:** Re: Stopped up to see you

Hi, sorry for the confusion. I didn't leave early as in work hours, it's Friday so I put in 7 hours, is that ok?

Also, I never saw a final response on the categories in the email exchange we were having. I will just use the 6 categories discussed and if I can't figure what they mean I'll ask for clarification.

I do remember saying that I would work on it that day but I also thought you said you would get me examples?

Either way, I'll get it done, R&S was my focus this week as there was so much to do for the deadlines in July.

Thanks,
Denise

On Jun 30, 2017, at 4:29 PM, Tammy Lindsay <tsl33@cornell.edu> wrote:

> Denise when you leave early I ask that you let me know.  I thought that was something we previously discussed about time off.  We did discuss you working extra hours this week but not leaving early.   Next week when I'm not in please continue to send requests to me. If you can't get ahold of me, reach out to Cindy as my backup. If it's an emergency, and you can't get a hold of anyone just send a note.
>
> Cindy is looking for the changes she requested on the course evaluation comparison. When I asked you on Wednesday you said you were working on them that day.  Could you give her an update? If you haven't started, please make them a priority on Monday and anything else you may have pending with Cindy. Thank you and have a good weekend.
>
> Tammy Lindsay
> Associate Director
> Business Analytics
> Cornell SC Johnson College of Business

**P000292**